JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James LeBlanc, an individual, and Pear Point Project, LLC, a Washington limited liability company, | CASE No. CV11-04181 GAF (Ex) |
| | **FINAL JUDGMENT** |
| Plaintiffs, | Assigned to Hon. Gary A. Feess |
| vs. | Action Filed: May 16, 2011 |
| Motion Picture Industry Health Plan, a trust; Motion Picture Industry Pension Plan, a trust, | |
| Defendants. | |
| Board of Directors of the Motion Picture Industry Health Plan, | |
| Counterclaimant, | |
| vs. | |
| James LeBlanc, an individual, and Pear Point Project, LLC, a Washington limited liability company, | |
| Counter defendants. | |

1

From 2005 through 2009, Plaintiff James LeBlanc ("LeBlanc") made contributions to the Motion Picture Industry Health Plan ("Health Plan") and Motion Picture Industry Pension Plan ("Pension Plan")(collectively, the "Plans" or "Defendants") through his wholly-owned and operated company, Plaintiff Pear Point Project, LLC ("Pear Point"). After conducting an audit, however, the Plans concluded that LeBlanc was not entitled to participate in the Plans, that hours accrued toward his pension benefit would be vacated, and that he was obligated to reimburse the Health Plan for benefits paid, which consisted of $91,000.50 in health benefits paid, plus interest and other costs.

Plaintiffs commenced this civil action against the Plans on May 16, 2011 under the Employee Retirement Income Security Act ("ERISA") to obtain a declaration that Pear Point was entitled to contribute to the Plans on LeBlanc's behalf, that LeBlanc's pension benefits should be reinstated, and that Plaintiffs are under no obligation to repay any benefits paid by the Health Plan. Plaintiffs subsequently filed their First Amended Complaint seeking the same relief on June 7, 2011.

On July 25, 2011, the Health Plan filed its Counterclaim against Plaintiffs to recover the amount of health benefits paid on LeBlanc's behalf, plus interest and other costs.

On May 21, 2012, Plaintiffs and the Plans filed motions for summary judgment as to the Plaintiffs' First Amended Complaint. At the same time, the Health Plan filed its motion for summary judgment on its Counterclaim.

Pursuant to and for the reasons stated in this Court's Memorandum & Order Regarding Cross-Motions For Summary Judgment dated December 7, 2012 ("Memorandum & Order"), which is incorporated herein by reference, the Court hereby enters Final Judgment in this matter as follows:

1. This Court has jurisdiction to enter this Final Order. This Court has jurisdiction over this matter pursuant to ERISA, 29 U.S.C. Section 1001 *et seq.*,

1 and 28 U.S.C. Sections 1331, 1332 and 1367.

2. The Court reiterates and incorporates herein by reference its prior findings and orders contained in its Memorandum & Order, which disposes of all claims between the parties.

3. Pursuant to and for the reasons stated in the Memorandum & Order, the Defendants' motion for summary judgment on the First Amended Complaint is granted and Plaintiffs' cross-motion for summary judgment is denied. Accordingly, judgment shall be and hereby is entered in favor of the Defendant Plans as to all claims in Plaintiffs' First Amended Complaint, which is hereby dismissed with prejudice.

4. Pursuant to and for the reasons stated in the Memorandum & Order, the Health Plan's motion for summary judgment on the Counterclaim is denied. Furthermore, because the Defendant Plans may not recover against Plaintiffs on the counterclaims, the Counterclaim is dismissed with prejudice. Accordingly, judgment shall be and hereby is entered in favor of Plaintiffs as to all counterclaims in the Counterclaim, which is hereby dismissed with prejudice.

5. Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, any motion for an award of attorneys' fees and/or costs shall be filed within fourteen (14) days after the entry of this Final Judgment. A separate order shall be entered to determine any such motion.

6. The Court shall retain jurisdiction over this action pursuant to Rule 54 of the Federal Rules of Civil Procedure and, in particular, for purposes of (a) the construction, modification, and enforcement of this Final Judgment; (b) the determination of any motion for an award of attorneys' fees and/or expenses; and (c) all matters relating to this action and ancillary to the foregoing.

///
///
///

7. There being no just reason for delay, the Clerk of the Court is directed to enter the Final Judgment.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

DATED: January 7, 2013

_____
Hon. Gary Allen Feess
United States District Court Judge

4

FINAL JUDGMENT                                              CV11-04181 GAF (Ex)